United States District Court
Southern District of Texas
**ENTERED**
November 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, | § § § | |
| Plaintiff. | § § | |
| VS. | § | CIVIL ACTION NO. 3:19-CV-00395 |
| DELYNN BURKHALTER, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

In this breach of contract action, Westchester Fire Insurance Company ("Westchester Fire") contends that Defendant Delynn Burkhalter ("Burkhalter") has failed to comply with his indemnity obligations under an Agreement of Indemnity.

## BACKGROUND

The facts are not in dispute. Westchester Fire is a company that executes performance and payment bonds. In May 2018, Westchester Fire provided a performance and payment bond (the "Bond") for a project between Kiewit Infrastructure South Co. and the Tennessee Department of Transportation. To induce Westchester Fire to execute bonds, Burkhalter Rigging, Inc., Burkhalter Specialized Transport, LLC, Burkhalter Transport, Inc., and Burkhalter (collectively, "Indemnitors") executed an Agreement of Indemnity on March 25, 2009. In that agreement, the Indemnitors promised to exonerate, indemnify, and keep indemnified Westchester Fire from and against any and all losses and expenses that Westchester Fire has incurred or may incur by reason of having issued bonds

to any of the Indemnitors. The corporate entities have all filed for bankruptcy. Burkhalter has not.

After executing the Bond, Westchester Fire received payment bond claims and incurred costs and expenses to investigate the claims. To date, Westchester Fire has incurred a loss of $430,668.70, in addition to attorney's fees and court costs associated with claims against the Bond. Seeking to collect those sums, Westchester Fire filed this breach of contract action against Burkhalter. Westchester Fire has now moved for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when there is no genuine issue of material fact. *See* FED. R. CIV. P. 56(a). Westchester Fire's summary judgment burden requires that it produce evidence demonstrating that no factual dispute exists as to each element of its breach of contract cause of action. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) ("[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."). "When the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute for trial." *Liberty Ins. Corp. v. Dixie Elec., L.L.C.*, 637 F. App'x 113, 116 (5th Cir. 2015) (cleaned up).

## ANALYSIS

The Indemnity Agreement provides that the "rights and liabilities of the parties [will be] determined in accordance with the laws of the State of New York." Dkt. 20-3 at 1.

"[U]nder New York law, indemnity agreements are valid and enforceable, including their provisions regarding attorney's fees." *In re Oakwood Homes Corp.*, 394 B.R. 352, 356 (Bankr. D. Del. 2008). "Under New York law, there are four elements to a breach of contract claim: (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 188–89 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). Westchester Fire's summary judgment evidence establishes that there is no genuine issue of material fact with respect to any of these elements.

Burkhalter executed the Indemnity Agreement, Westchester Fire performed its Bond obligations by investigating and resolving the Bond payment claims, and Burkhalter failed to indemnify Westchester Fire for its loss. The damages are undisputed. Westchester Fire incurred $430,668.70 to resolve payment claims. The Indemnity Agreement specifically provides that Burkhalter's indemnity obligations include "attorney's fees and expenses . . . which [Westchester Fire] shall at any time incur by reason of its execution of any Bond." Dkt. 20-3 at 1. Westchester Fire incurred attorney's fees in the amount of $41,189.31 and court costs in the amount of $794.00. All told, Westchester Fire's damages total $472,652.01.

## CONCLUSION

Westchester Fire's Motion for Summary Judgment (Dkt. 20) is **GRANTED**. It is ordered that Westchester Fire is entitled to a Final Judgment against Burkhalter in the amount of $472,652.01, together with post-judgment interest at the legal rate.

SIGNED on this 16th day of November 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE